IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| GWENDOLYN MCCLARAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| WALGREEN CO. and | § | |
| WALGREENS BOOTS ALLIANCE, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT CLERK:

Defendants Walgreen Co. and Walgreens Boots Alliance, Inc., through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal of the lawsuit captioned *Gwendolyn McClaran v. Walgreen Co. and Walgreens Boots Alliance, Inc.*, Cause No. DC-2024-CV-0015, from the 237th Judicial District Court of Lubbock County, Texas, to the United States District Court for the Northern District of Texas, Lubbock Division.

As explained below, the United States District Court for the Northern District of Texas has original subject-matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 and 1441 *et seq.* because complete diversity exists between the parties, and it is facially evident from the Original Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. Background

1. On January 5, 2024, Plaintiff Gwendolyn McClaran (hereinafter "Plaintiff") initiated the present action by filing her Original Petition in Cause No. DC-2024-CV-0015, styled *Gwendolyn McClaran v. Walgreen Co. and Walgreens Boots Alliance, Inc.*, in the 237th Judicial District Court of Lubbock County, Texas (the "State Court Action"). *See generally* Ex. A.

2. Plaintiff's Original Petition alleges that Plaintiff sustained damages caused by Defendants when she received incorrect prescriptions which adversely reacted with previously prescribed medications.

3. On January 16, 2024, Defendants were served with Citation and Plaintiff's Original Petition in the State Court Action. *See generally* Ex. B. Thus, pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

4. On February 12, 2024, Defendants appeared and answered, asserting special exceptions, a general denial to the claims and allegations made in Plaintiff's Original Petition, and various affirmative defenses. *See generally* Ex. C.

5. Pursuant to Northern District of Texas Local Rule 81.1(a)(1), Defendants are filing a civil cover sheet contemporaneous with this Notice of Removal.

6. Pursuant to Northern District of Texas Local Rule 81.1(a)(2), Defendants are filing a supplemental civil cover sheet contemporaneous with this Notice of Removal.

7. Pursuant to Northern District of Texas Local Rule 81.1(a)(3), Defendants assert there is no "related case" as defined by Local Rule 3.3(b)(3) or (b)(4).

8. Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(A), Defendants are attaching an index of all documents filed in the State Court Action to this Notice of Removal.

9. Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(B), Defendants are attaching a copy of the docket sheet in the State Court Action to this Notice of Removal. *See generally* Ex. D.

10. Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(C) and 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto. *See generally* Ex A, B, and C. In addition, a full copy of the state court file has been requested and will be filed upon receipt.

11. Pursuant to Northern District of Texas Local Rule 81.1(a)(4)(D), Defendants are filing a separately signed certificate of interested persons contemporaneous with this Notice of Removal.

12. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through her

attorney of record and to the clerk of the 237th Judicial District Court of Lubbock County, Texas.

## II.     Jurisdiction

13.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of the Parties**

14.     There is complete diversity of citizenship here because Plaintiff is a Texas citizen, and all the Defendants are citizens of states other than Texas.

15.     Plaintiff's Original Petition alleges that she is an individual residing in Lubbock County, Texas. *See* Ex. A, ¶ 2. She is a citizen of Texas.

16.     For purposes of diversity jurisdiction, a corporation, is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

17.     Plaintiff did not correctly state the citizenship of the Defendants in Plaintiff's Original Petition. *See* Ex. A, ¶ 3. Defendant Walgreen Co. is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois. Defendant Walgreens Boots Alliance, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Illinois. Neither Defendant is a citizen of Texas.

18. Therefore, there is complete diversity between Plaintiff and Defendants under 28 U.S.C. § 1332(a) in this action.

**B.   Amount in Controversy**

19. The amount in controversy exceeds $75,000 exclusive of interest and costs.

20. Generally, in diversity cases, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also PLLC v. Egenberg*, No. 3:22-CV-2771-S-BK, 2023 U.S. Dist. LEXIS 79889, at *1 (N.D. Tex. 2023). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Allen*, 63 F.3d at 1335. A defendant's notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basic Operating Co., LLC v. Owens,* 574 U.S. 81, 84 (2014). Moreover, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

21. Here, Plaintiff seeks "monetary relief of greater than $250,000 but less than $1 million." Ex. A, ¶ 16. Further, in addition to actual damages, Plaintiff seeks

general, and punitive damages, pre-judgment interest, post judgment interest, and costs incurred. *See Id.*, ¶¶ 14, 15, 16, 17, and 21.

22. Therefore, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## C. Defendants have satisfied the other procedural and venue requirements for removal.

23. All Defendants represented by the undersigned counsel consent to removal of this action.

24. Pursuant to Local Rule 81.1(a)(1) and (2), Defendants submit a completed civil cover sheet and a supplemental civil cover sheet.

25. The required filing fee has been tendered to the Clerk of the United States District Court for the Northern District of Texas, Lubbock Division.

26. Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.1(c), Defendants have prepared and will file separately a certificate of interested persons.

27. Plaintiff brought this action in the 237th Judicial District Court for Lubbock County, Texas, which is located within the Northern District of Texas, Lubbock Division. 28 U.S.C. § 124(a)(5). Venue for this action is proper in this Court because the Northern District of Texas, Lubbock Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

28. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the 237th Judicial District Court for Lubbock County, Texas, as required by 28 U.S.C. § 1446(d).

29. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal will be given to Plaintiff's counsel.

30. By removing this action to this Court, Defendants do not waive any defense, objection, or motion available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to FED. R. CIV. P. 12 and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

31. In the event this Court subsequently identifies a defect in this Notice of Removal, Defendants respectfully request the Court grant Defendants leave to amend this Notice and cure the defect. *See, e.g., Bailon v. Landstar Ranger, Inc.,* 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins. Co.,* 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal).

### III.   Conclusion

Based on the foregoing, Defendants remove this case to this Court. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

Respectfully submitted,

SPROUSE SHRADER SMITH PLLC
Andrew R. Evans, SBN 00796519
andrew.evans@sprouselaw.com
Laura Pratt, SBN 24072287
laura.pratt@sprouselaw.com
701 S. Taylor Street, Suite 500 (79101)
P.O. Box 15008
Amarillo, Texas 79105-5008
Tel: (806) 468-3300; Fax: (806) 373-3454


/s/ *Laura Pratt*
Laura Pratt

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing notice has been forwarded to counsel of record, pursuant to the Federal Rules of Civil Procedure, on this 14th day of February 2024, as follows:

    Law Office of Randall S. Richardson PLLC
    Randall S. Richardson
    service@rsrpllc.com
    440 Louisiana Street, Suite 1400
    Houston, Texas 77002
    **ATTORNEYS FOR PLAINTIFF**

                                                /s/ *Laura Pratt*
                                                Laura Pratt